AO245D    (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation    (NOTE: Identify Changes with Asterisks(*))
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Washington

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| Tanaya Weston | Case Number: 2:09CR00395RAJ-001 |
| | USM Number: 39781-086 |

**Date of Original Judgment:** 08/18/2015
(Or Date of Last Amended Judgment)

Peter A. Camiel
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

Conditions on page 3

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant
     ☐ 28 U.S.C. § 2255 or      ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ admitted guilt to violation(s)    1    of the petition(s) dated July 27, 2015

☐ was found in violation(s)        after denial of guilt.

The defendant is adjudicated guilty of these offenses:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1 | Using alcohol before July 27, 2015, in violation of the special condition to abstain from alcohol | |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Assistant United States Attorney

August 18, 2015
Date of Imposition of Judgment

Signature of Judge

Richard A. Jones, U.S. District Judge
Name and Title of Judge

8/24/15
Date

| | | |
|---|---|---|
| AO 245D | (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation<br>Sheet 2 — Imprisonment | (NOTE: Identify Changes with Asterisks(*)) |

Judgment — Page 2 of 10

DEFENDANT:     Tanaya Weston
CASE NUMBER:   2:09CR00395RAJ-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**Time served.**

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

 

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO245D      (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation                                    (NOTE: Identify Changes with Asterisks(*))
            Sheet 3 — Supervised Release

Judgment — Page **3** of **10**

DEFENDANT:       Tanaya Weston
CASE NUMBER:     2:09CR00395RAJ-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **21 months**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ *The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ *The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D   (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation   (NOTE: Identify Changes with Asterisks(*))
Sheet 3C — Supervised Release

Judgment — Page 4 of 10

DEFENDANT:       Tanaya Weston
CASE NUMBER:     2:09CR00395RAJ-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

The defendant shall submit his/her person, residence, office, safety deposit box, storage unit, property, or vehicle to a search, conducted by a U.S. Probation Officer or any other law enforcement officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation; the defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate as directed in a mental health program approved by the United States Probation Office, which may include Moral Reconation Therapy. The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the U.S. Probation Officer.

Restitution in the amount of $30,636.04 is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall be waived.

The defendant shall provide his or her probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal Income Tax Returns.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The defendant shall not be self-employed nor shall the defendant be employed by friends, relatives, associates or persons previously known to the defendant, unless approved by the U.S. Probation Officer. The defendant will not accept or begin employment without prior approval by the U.S. Probation Officer and employment shall be subject to continuous review and verification by the U.S. Probation Office. The defendant shall not work for cash and the defendant's employment shall provide regular pay stubs with the appropriate deductions for taxes.

The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than the defendant's true legal name, without the prior written approval of the Probation Officer.

The defendant shall maintain a single checking account in his or her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology for a period of 150 days. The defendant is restricted to her residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

The defendant shall comply with alcohol testing, using an alcohol testing device, as directed by the location monitoring specialist. The defendant shall comply with all program requirements and must contribute towards the costs of the services, to the extent they are financially able to do so, as determined by the location monitoring specialist.

AO 245D    (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation        (NOTE: Identify Changes with Asterisks(*))
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 10

**DEFENDANT:** Tanaya Weston
**CASE NUMBER:** 2:09CR00395RAJ-001

## CRIMINAL MONETARY PENALTIES

|       | **Assessment** | **Fine** | **Restitution** |
|-------|----------------|----------|-----------------|
| TOTALS | $ 100 | $ | $ 30,636.04 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|--------------------------|-----------------------------|
| See Attached | 30,636.04 | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 30,636.04 | $ 30,636.04 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

☒ The court finds the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245D      (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation          (NOTE: Identify Changes with Asterisks(*))

Judgment — Page **6** of **10**

DEFENDANT:       Tanaya Weston
CASE NUMBER:   2:09CR00395RAJ-001

| MERCHANT LOSSES | VICTIM ADDRESS | ACCT # | TRANS DATE | LOSS |
|---|---|---|---|---|
| BARTEL DRUGS | 4727 Denver Avenue S. Seattle, WA 98134 | 473992114198 | 10/20/05 | $76.87 |
| BARTELL DRUGS | 4727 Denver Avenue S. Seattle, WA 98134 | 32050791 | 4/11/07 | $176.32 |
| CHECK MASTERS | | 473992114198 | 11/6/05 | $115.00 |
| CHILDRENS PLACE | | 32050791 | 4/5/07 | $135.07 |
| DOL | | 90255944 | 7/21/06 | $10.00 |
| DOLLARWISE | | 473992114198 | 11/1/05 | $57.50 |
| DOUBLETREE | Doubletree Suites 16500 Southcenter Parkway, Seattle, WA 98188 | 32050791 | 4/14/05 | $144.99 |
| DOUBLETREE | Doubletree Suites 16500 Southcenter Parkway Seattle, WA 98188 | 32050791 | 4/15/07 | $145.00 |
| DOUBLETREE | Doubletree Suites 16500 Southcenter Parkway Seattle, WA 98188 | 90255944 | 6/22/06 | $656.15 |
| DOUBLETREE | Doubletree Suites 16500 Southcenter Parkway Seattle, WA 98188 | 90255944 | 6/24/06 | $656.15 |
| DOUBLETREE | Doubletree Suites 16500 Southcenter Parkway Seattle, WA 98188 | 90255944 | 6/24/06 | $656.15 |
| DOUBLETREE | Doubletree Suites 16500 Southcenter Parkway Seattle, WA 98188 | 90255944 | 6/25/06 | $260.74 |
| FAMILY FUN PASS | | 473992114198 | 12/13/05 | $4.95 |
| FRED MEYER | Fred Meyer Loss Prevention P. O. Box 42121 Portland, OR 97242 | 32050791 | 4/7/07 | $151.51 |
| FRED MEYER | Fred Meyer Loss Prevention P. O. Box 42121 Portland, OR 97242 | 32050791 | 4/7/07 | $153.52 |
| JOANNS | Joann Stores Inc 5555 Darrow Rd Hudson, OH 44236 | 473992126739 | 5/18/06 | $74.94 |
| JOANNS | Joann Stores Inc 5555 Darrow Rd Hudson, OH 44236 | 473992126739 | 5/19/06 | $98.11 |
| JOANNS | Joann Stores Inc 5555 Darrow Rd Hudson, OH 44236 | 90255944 | 5/20/06 | $105.35 |

AO245D   (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation     (NOTE: Identify Changes with Asterisks(*))

Judgment — Page 7 of 10

**DEFENDANT:** Tanaya Weston
**CASE NUMBER:** 2:09CR00395RAJ-001

| | | | | |
|---|---|---|---|---|
| KCDC | E327 King County Courthouse Attn: Collections 516 3rd Ave Seattle, WA 98106 | 473992126739 | 6/13/06 | $100.00 |
| PARTY CITY | | 90255944 | 6/28/06 | $174.92 |
| PAYLESS | Collective Brands Inc 3231 SE 6th Ave Topeka, KS 66607 | 32050791 | 4/7/07 | $45.69 |
| PIZZA HUT | 14841 Dallas Parkway Dallas, TX 75254 | 473992114198 | 11/7/05 | $81.00 |
| PIZZA HUT | 14841 Dallas Parkway Dallas, TX 75254 | 473992114198 | 11/26/05 | $71.80 |
| PIZZA HUT | 14841 Dallas Parkway Dallas, TX 75254 | 32050791 | 4/14/07 | $45.00 |
| PIZZA HUT | 14841 Dallas Parkway Dallas, TX 75254 | 90255944 | 6/4/06 | $39.03 |
| PIZZA HUT | 14841 Dallas Parkway Dallas, TX 75254 | 90255944 | 6/7/06 | $33.38 |
| PIZZA HUT | 14841 Dallas Parkway Dallas, TX 75254 | 90255944 | 1/7/07 | $44.17 |
| PJ POCKETS | | 32050791 | 4/5/07 | $200.00 |
| QFC | National Service Bureau Attn: Chris 18820 Aurora Ave N, Ste 205 Shoreline, WA 98133 | 32050791 | 4/9/07 | $140.05 |
| QFC | National Service Bureau Attn: Chris 18820 Aurora Ave N Ste 205 Shoreline, WA 98133 | 32050791 | 4/12/07 | $49.87 |
| QFC | National Service Bureau Attn: Chris 18820 Aurora Ave N Ste 205 Shoreline, WA 98133 | 90255944 | 4/5/06 | $35.25 |
| RED ROBIN | | 90255944 | 6/23/06 | $57.73 |
| ROMAN CASINO | | 32050791 | 4/5/07 | $150.00 |
| ROMANS CASINO | | 90255944 | 4/6/06 | $200.00 |
| SAARS MARKET | Saars Market 32199 State Road 20 Oak Harbor, WA 98277 | 90255944 | 4/5/06 | $58.90 |
| SAARS MARKETPLACE | Saars Market 32199 State Road 20 Oak Harbor, WA 98277 | 473992114198 | 11/16/05 | $46.00 |
| SAARS MARKETPLACE | Saars Market 32199 State Road 20 Oak Harbor, WA 98277 | 473992114198 | 11/17/05 | $38.02 |

AO245D     (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation     (NOTE: Identify Changes with Asterisks(*))

Judgment — Page **8** of **10**

DEFENDANT: Tanaya Weston
CASE NUMBER: 2:09CR00395RAJ-001

| | | | | |
|---|---|---|---|---|
| SILVER DOLLAR CASINO | Landmark Group Holdings<br>777 108th Ave NE #1670<br>Bellevue, WA 98004 | 90255944 | 4/8/06 | $100.00 |
| SILVER DOLLAR CASINO | Landmark Group Holdings<br>777 108th Ave NE #1670<br>Bellevue, WA 98004 | 32050791 | 4/5/07 | $150.00 |
| STAR COMMUNICATIONS | | 473992114198 | 12/13/05 | $4.95 |
| STARBUCKS | Starbucks Corp.<br>2401 Utah Ave S<br>Seattle, WA 98134 | 32050791 | 4/11/07 | $18.32 |
| STARBUCKS | Starbucks Corp.<br>2401 Utah Ave S<br>Seattle, WA 98134 | 32050791 | 4/16/07 | $17.83 |
| STARBUCKS | Starbucks Corp.<br>2401 Utah Ave S<br>Seattle, WA 98134 | 90255944 | 6/14/06 | $14.15 |
| STARBUCKS | Starbucks Corp.<br>2401 Utah Ave S<br>Seattle, WA 98134 | 90255944 | 10/4/06 | $3.61 |
| STARBUCKS | Starbucks Corp.<br>2401 Utah Ave S<br>Seattle, WA 98134 | 90255944 | 10/5/06 | $13.44 |
| STARBUCKS | Starbucks Corp.<br>2401 Utah Ave S<br>Seattle, WA 98134 | 90255944 | 12/12/06 | $24.23 |
| STUDIO MAX | | 90255944 | 5/10/07 | $239.47 |
| TUKWILA TRADING COMPANY | | 32050791 | 4/8/07 | $22.99 |
| TUKWILA TRADING COMPANY | | 32050791 | 4/9/07 | $92.33 |
| US POSTAL SERVICE | | 90255944 | 6/9/06 | $15.60 |
| WINCO | WinCo Foods<br>Attn: Loss Prevention<br>21100 91st Pl S<br>Kent, WA 98031 | 32050791 | 4/10/07 | $200.82 |
| WINCO | WinCo Foods<br>Attn: Loss Prevention<br>21100 91st Pl S<br>Kent, WA 98031 | 32050791 | 4/12/07 | $189.21 |
| WINCO FOODS | WinCo Foods<br>Attn: Loss Prevention<br>21100 91st Pl S<br>Kent, WA 98031 | 473992114198 | 11/16/05 | $73.56 |
| WIZARDS | Landmark Group Holdings<br>777 108th Ave NE #1670<br>Bellevue, WA 98004 | 473992114198 | 11/14/05 | $200.00 |

DEFENDANT: Tanaya Weston
CASE NUMBER: 2:09CR00395RAJ-001

| | | | | |
|---|---|---|---|---|
| BOA | 100 North Tryon Street Charlotte, NC 28202 | 90255944 | | $1,449.93 |
| BOA | 100 North Tryon Street Charlotte, NC 28202 | 30149959 | | $1,240.27 |
| BOA | 100 North Tryon Street Charlotte, NC 28202 | 30149942 | | $2,308.00 |
| BOA | 100 North Tryon Street Charlotte, NC 28202 | 32050791 | | $670.00 |
| BOA | 100 North Tryon Street Charlotte, NC 28202 | 32496176 | | $410.00 |
| KEY BANK | 10439 Gravely Lake Dr SW Lakewood, WA 98499 | 473992114198 | | $260.00 |
| KEY BANK | 10439 Gravely Lake Dr SW Lakewood, WA 98499 | 473992126739 | | $45.95 |
| US BANK | 800 Nicollet Mall Minneapolis, MN 55102 | 153557957385 | | $97.58 |

\*   Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245D     (Rev. 09/11) Amended Judgment in a Criminal Case for Revocation     (NOTE: Identify Changes with Asterisks(*))
Sheet 6 — Schedule of Payments

Judgment — Page 10 of 10

DEFENDANT:     Tanaya Weston
CASE NUMBER:     2:09CR00395RAJ-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒     PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to
Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

       ☒     During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

       ☒     During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

       ☐     During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

       Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.